IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-03218-M

TRAVIS L. COLE,                          )
                                         )
                Plaintiff,               )
                                         )
        v.                               )           ORDER
                                         )
TODD ISHEE, et al.,                      )
                                         )
                Defendants.              )


This cause is before the court on a motion for judgment on the pleadings filed by defendants

Ishee and Rich ("moving defendants"). Mot. [D.E. 34]. This motion is ripe for review.

Relevant Procedural History:

On July 6, 2022, Travis L. Cole ("plaintiff"), a state inmate proceeding without prepayment

of fees, filed through counsel a complaint under 42 U.S.C. § 1983. See [D.E. 1, 3, 8].

On October 5, 2022, the court conducted its initial review and allowed the action to proceed

but stayed issuance of summonses as to the John Doe defendants. Order [D.E. 9].

On January 11, 2023, Teague and Huff were dismissed as defendants. Order [D.E. 20].

On February 3, 2023, the identified defendants answered the complaint, Answer [D.E. 21].

On February 22, 2023, defendants moved to dismiss. Mot. [D.E. 23]. In response,

plaintiff filed a consent motion for leave to file a first amended complaint. Mot. [D.E. 29].

On March 20, 2023, the court: granted plaintiff's motion for leave to file a first amended

complaint; dismissed as moot defendants' motion to dismiss the complaint; dismissed without

prejudice Eddie M. Buffaloe, Jr., as a defendant; allowed to proceed the first amended complaint;

and directed defendants to answer or otherwise respond. See Order [D.E. 30].

On April 14, 2023, the identified defendants answered the amended complaint [D.E. 33], and the moving defendants filed the instant motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), Mot. [D.E. 34], together with a memorandum in support [D.E. 35].

On May 4, 2023, plaintiff filed a response in opposition to the instant motion for judgment on the pleadings.   [D.E. 37].

Legal Standard:

Federal Rule of Civil Procedure 12(c) provides that, "after the pleadings are closed but within such time as to not delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).

"A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standard of review as a Rule 12(b)(6) motion to dismiss."   Bass v. Weinstein Mgmt. Co., 56 F.4th 355, 360 (4th Cir. 2022) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)).   Under this standard, the court "accept[s] as true all well-pleaded allegations and view[s] the complaint in the light most favorable to the plaintiff."   Id. (citing Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009)).   A complaint, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009).

In resolving a motion for judgment on the pleadings, "the court may rely on admitted facts in the pleadings, documents attached to the pleadings, and facts contained in materials of which the Court may take judicial notice."   Crowe v. Allstate Ins. Co., 3:20-cv-212-MOC-DSC, 2020 WL 6385622, *2 (W.D.N.C. Oct. 30, 2020) (citation omitted).

2

Discussion:

First, the court addresses the moving defendants' argument that claims against Rich as to the third alleged assault are barred by the statute of limitations. See Defs.' Mem. [D.E. 35] at 5–6. At this early stage of the litigation, because plaintiff's first amended complaint plausibly alleges that one or more of Rich's acts or omissions fell within the statute of limitations, see 1st Am. Compl. [D.E. 29-1] at ¶¶22, 32, 45, 46, 58–59, 65, 68–69, 74–78, 87, 89–104, plaintiff has adequately pleaded that Rich is liable for the third assault under a theory of "continuing violation," see DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018); see also Burgess v. Anderson Cnty. Det. Ctr., No. CV 1:19-3136-MGL-SVH, 2020 WL 5701897, at *1–3 (D.S.C. Sept. 24, 2020).

Next, the moving defendants similarly argue that claims against Ishee as to the first, second, and third alleged assault are time barred. Defs.' Mem. [D.E. 35] at 6. Because plaintiff's first amended complaint plausibly alleges Ishee's official capacity liability under a theory of "continuing violation," see 1st Am. Compl. [D.E. 29-1] at ¶¶20, 115–18, this argument also fails.

Next, the court considers the moving defendants' argument that all claims against Ishee should be dismissed because: 1) plaintiff failed to sufficiently allege that Ishee had knowledge of a substantial risk of harm to plaintiff as required for a viable deliberate indifference claim; 2) plaintiff failed to sufficiently allege Ishee's personal involvement; and 3) plaintiff failed to state a claim for "permissible injunctive relief." See Defs.' Mem. [D.E. 35] at 6–17.

Plaintiff names Ishee as a defendant in his official capacity, not in his individual capacity, and seeks injunctive relief. See 1st Am. Compl. [D.E. 29-1] at ¶¶20, 115–18. Thus, contra the moving defendants' arguments, plaintiff need neither plead Ishee's knowledge of, nor personal involvement in the alleged violations; instead, plaintiff need only plausibly allege that Ishee is

3

responsible for policies and procedures connected to the allegedly unconstitutional acts, which plaintiff has done. See id.; see also Reid v. Clarke, No. 7:16-CV-00547, 2017 WL 706352, at *3–4 (W.D. Va. Feb. 22, 2017) (discussing the Fourth Circuit's interpretation of the "special relation" test derived from Ex Parte Young, 209 U.S. 123, 157 (1908)). Moreover, at this early stage of the litigation, plaintiff has sufficiently alleged facts as to a concrete potential future injury such that his request for injunctive relief survives this motion for judgment on the pleadings. See, e.g., Johnson v. McCowan, 549 F. Supp. 3d 469, 477–78 (W.D. Va. 2021) (finding inmate future harm claim sufficiently concrete at pleading and finding premature defendants' argument seeking to narrow injunctive relief); Doe v. Salisbury Univ., 123 F. Supp. 3d 748, 770 (D. Md. 2015) (finding plaintiffs sufficiently alleged facts for the prayer for injunctive relief to survive dismissal).

Finally, the court turns to the moving defendants' argument that the Eleventh Amendment bars official capacity claims against Rich. See Defs.' Mem. [D.E. 35] at 17–18. Here, because the request for injunctive relief seeks removal of plaintiff's SRG designation, see 1st Am. Compl. [D.E. 29-1] at ¶104, p. 26, and because he plausibly alleges that Rich is "responsible for monitoring and controlling SRG activities [and] overseeing SRG-related policies and practice," id. at ¶22, this claim also survives the motion for judgment on the pleadings, see Reid, 2017 WL 706352, at *4.

## Conclusion:

In sum, because plaintiff has sufficiently pleaded his claims against the moving defendants Ishee and Rich, the court DENIES the instant motion for judgment on the pleadings [D.E. 34].

SO ORDERED this 28th day of February, 2024.

Richard E Myers II
RICHARD E. MYERS II
Chief United States District Judge

4